J-S13028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ALLEN THEODORE CLAIBORNE :
:
Appellant : No. 798 MDA 2019

Appeal from the PCRA Order Entered April 26, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005011-2016

BEFORE:   STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:               **FILED MARCH 27, 2020**

Appellant, Allen Theodore Claiborne, appeals from the April 26, 2019

Order entered in the York County Court of Common Pleas denying as untimely

his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42

Pa.C.S. §§ 9541-9546.   Because Appellant fails to plead and prove an

exception to the PCRA time bar, we affirm the PCRA court's dismissal.

On May 24, 2017, Appellant entered a negotiated, no contest plea to

Robbery.  Appellant did not file post-sentence motions or a direct appeal.

Thus, his sentence became final on June 23, 2017.  **See** 42 Pa.C.S. §

9545(b)(3) (providing "a judgment becomes final at the conclusion of direct

review, including discretionary review in the Supreme Court of the United

States and the Supreme Court of Pennsylvania, or at the expiration of time

_____

[*] Retired Senior Judge assigned to the Superior Court.

for seeking the review"); Pa.R.A.P. 903 (providing that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken.").

On January 8, 2019, Appellant filed the instant *pro se* PCRA Petition, his first, alleging ineffective assistance of plea counsel. The PCRA court appointed counsel for Appellant and on March 7, 2019, counsel filed a Notice of Intent Not to File an Amended PCRA Petition. PCRA Petition, 1/8/19, at 3-4.

On April 26, 2019, the PCRA court issued an Order denying Appellant's PCRA Petition without a hearing.[1]

Appellant filed a timely Notice of Appeal. Appellant and the trial court both complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

Whether the PCRA court's decision to dismiss [Appellant]'s PCRA as untimely pursuant to 42 Pa.C.S. § 9545(b) without an evidentiary hearing was an abuse of discretion where a hearing was necessary for Defendant to present evidence establishing an exception to the timeliness requirement in that [Appellant]'s basis for filing the PCRA untimely was that he was either relying on counsel to file a post sentence motion or appeal, or was attempting to hire counsel to file an appeal or PCRA petition, and

_____

[1] We acknowledge that the PCRA court did not give Appellant notice of intent to dismiss or afford Appellant the opportunity to amend the PCRA Petition prior to dismissing it. **See** Pa.R.Crim.P 907(a); Pa.R.Crim.P. 905(B). However, Appellant has not challenged these oversights on appeal and, thus, he has waived these potential issues. **See Commonwealth v. Taylor**, 65 A.3d 462 (Pa. Super. 2013) (holding that post-conviction movant waived appellate review of post-conviction court's failure to give movant notice of intent to dismiss or to afford movant opportunity to amend petition, by failing to challenge such failures on appeal).

the denial of a hearing deprived [Appellant] of the opportunity to fully develop the basis for the timeliness exception?

Appellant's Br. at 3.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012).

In order to obtain relief under the PCRA, a petition must be timely filed. **See** 42 Pa.C.S. § 9545 (providing jurisdictional requirements for the timely filing of a petition for post-conviction relief). A petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's Petition, filed more than one year after his Judgment of Sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if an appellant pleads and proves one of the three exceptions set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S § 9545(b)(2).

Instantly, Appellant fails to invoke any exception to the PCRA time-bar. In his PCRA Petition, Appellant argues that his plea counsel was ineffective for failing to inform the trial court judge that Appellant had mental health problems, failing to disclose a conflict of interest, and misinforming Appellant about the terms of the plea deal, rendering the plea illegal. PCRA Pet. at 4.

Appellant's claim that plea counsel was ineffective is not an exception to the PCRA time-bar. *See Commonwealth v. Zeigler*, 148 A.3d 849, 853-54 (Pa. Super. 2016) (finding that a claim of plea counsel's ineffectiveness does not satisfy an exception to the PCRA time bar).

In conclusion, Appellant has not pleaded and proved the applicability of any of the PCRA's timeliness exceptions and, therefore, we are without jurisdiction to consider the merits of this appeal. The PCRA court properly dismissed Appellant's Petition. The record supports the PCRA court's findings and its Order is free of legal error. We, thus, affirm the denial of PCRA relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/27/2020